**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAJUAN D. HALE,

          Petitioner,          Case Number: 06-cv-14065

v.                                     HONORABLE ARTHUR J. TARNOW

ANDREW JACKSON,

          Respondent.
                                          /

**OPINION AND ORDER GRANTING PETITIONER'S "MOTION TO STAY
HABEAS CORPUS PETITION/PRODUCTION OF TRANSCRIPTS"
AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Kajuan D. Hale filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, challenges his convictions for second-degree murder and possession of a firearm during the commission of a felony. Petitioner has now filed a "Motion to Stay Habeas Corpus Petition/Production of Transcripts." The Court will grant Petitioner's Motion, hold the present petition in abeyance, direct the Clerk of Court to provide a copy of the requested documents to Petitioner, and administratively close the matter.

**I. Procedural History**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder and felony firearm. On August 2, 2002, he was sentenced to thirty-five to sixty years imprisonment for the second-degree murder conviction and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. The prosecutor denied Defendant his right to a fair trial when the prosecutor improperly cross-examined Defendant on the truthfulness of the prosecution's witnesses and played on the jury's sympathy and outrage.
>
> II. Counsel's failure to object to the prosecutor's improper cross-examination and highly inflammatory closing argument constitutes ineffective assistance of counsel under the Sixth Amendment.
>
> III. Blakely v Washington and the Sixth Amendment invalidate Defendant's sentence when the sentencing judge scored OV 11 at 50 points based on facts not proven to a jury beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's convictions but remanded for resentencing on the second-degree murder conviction. The Court of Appeals determined resentencing was required because one of the factors relied upon by the trial judge in departing upwards from the sentencing guidelines, that the victim was unarmed, was not supported by the record. On remand, the trial court sentenced Petitioner to twenty-eight to sixty years imprisonment for the second-degree murder conviction.

Petitioner appealed his amended sentence to the Michigan Court of Appeals, raising the following claim:

> I. The trial court violated Appellant's due process rights at sentencing by departing above the statutory sentencing guideline range based on allegations not charged by the prosecutor, not found beyond a reasonable doubt by the jury, and not admitted by Defendant; the trial court also erred by failing to specify the new reasons for departure; Defendant is entitled to a resentencing based on Apprendi v New Jersey, and Blakely v Washington. US Const. Am VI.

The Michigan Court of Appeals affirmed Petitioner's sentence. People v. Hale, No. 254412 (Mich. Ct. App. Sept. 29, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same issue that was asserted in his second appeal to the Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Hale, 474 Mich. 983 (Mich. Dec. 27, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following grounds:

> I. The trial court violated Appellant's due process rights at sentencing by departing above the statutory sentencing guideline range based on allegations not charged by the prosecutor, not found beyond a reasonable doubt by the jury, and not admitted by Defendant; the trial court also erred by failing to specify the new reasons for departure; Defendant is entitled to a resentencing based on Apprendi v New Jersey, and Blakely v Washington. US Const. Am VI.

Respondent has filed an answer in opposition to the petition. Petitioner has now filed a Motion to Stay Habeas Corpus Petition/Production of Transcripts.

## II. Discussion

### A. Request for Stay

Petitioner seeks a stay in this matter so that he may file a motion for relief from judgment in the trial court to raise additional challenges to his conviction before raising these claims in his petition. Petitioner intends to raise claims of prosecutorial misconduct and ineffective assistance of counsel, which have not been fully exhausted in state court. These claims are not presently raised in his habeas petition. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition for purposes of exhaustion would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold

further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005). If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts will be placed in jeopardy because less than one month remains in the limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. section 2244, to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See* Vroman v. Brigano, 346 F.3d 598, 601 (6th Cir.2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. See 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 27, 2005. Petitioner's conviction became final ninety days later, on March 27, 2006, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. Although the petitioner filed his petition in this Court on September 6, 2006, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period expired on March 27, 2007.[1] Accordingly, the Court finds that outright dismissal of the

---

[1] Given that the Court finds a stay appropriate in this case, the Court need not decide the issue of equitable tolling.

petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the motion and stay further proceedings in this matter pending Petitioner's exhaustion of the additional claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Opinion and Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at

781 (internal quotation omitted).

### B. Request for Production of Portion of Trial Transcript

In the pending motion, Petitioner also asks the Court to direct the Clerk of Court to provide him with a copy of the closing arguments from his second jury trial (the first trial ended in a hung jury), and a copy of defendant-appellant's brief filed in the Michigan Court of Appeals (case no. 243733). Petitioner details repeated efforts to obtain copies of these documents. The Court finds that Petitioner has been diligent in attempting to obtain copies and has demonstrated the documents are necessary for him to obtain review of his claims in state court. Therefore, the Court directs the Clerk of Court to provide Petitioner with a copy of the closing arguments in his second trial (Dkt. # 25, transcript pages 146 through 205), and a copy of defendant-appellant's brief filed in the Michigan Court of Appeals (Dkt. # 30-2, pp. 12-50; Dkt. #30-3, pp. 1-4).

### III. Conclusion

Accordingly, it is **ORDERED** that Petitioner's "Motion to Stay Habeas Corpus Petition/Production of Transcripts" is **GRANTED** and the petition for writ of habeas corpus is **STAYED**. Petitioner shall file a motion for relief from judgment with the state trial court within sixty days from the date of this Order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

Petitioner shall file an amended petition in this Court and a motion to reinstate within sixty days after the conclusion of the state court proceedings, using the same caption and case number as appears on this order. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules

Governing Section 2254 Cases in the United States District Courts within twenty-one days thereafter.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that the Clerk of Court shall provide to Petitioner a copy of the closing arguments in his second trial (Dkt. # 25, transcript pages 146 through 205), and a copy of defendant-appellant's brief filed in the Michigan Court of Appeals (Dkt. # 30-2, pp. 12-50; Dkt. #30-3, pp. 1-4).

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 20, 2007  United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 20, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary