UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAJUAN D. HALE,                                    Case No.  06-14065

Petitioner,                           SENIOR UNITED STATES DISTRICT
                                               JUDGE ARTHUR J. TARNOW

v.
                                        MAGISTRATE JUDGE PAUL J. KOMIVES
JEFFREY WOODS,

Respondent.
_____/

## ORDER DENYING OBJECTIONS [56] AND ADOPTING REPORT AND RECOMMENDATION [54]

### I. Introduction

Pro se Petitioner Kajuan Hale filed a petition for the writ of habeas corpus [1] on September 15, 2006. Before the Court is Magistrate Judge Komives' Report and Recommendation [54] entered on June 19, 2012. The Report and Recommendation [54] recommends that this Court deny Petitioner's application for the writ of habeas corpus and deny Petitioner a certificate of appealability. Petitioner filed Objections [56] to the Report and Recommendation [54] on July 26, 2012.

1

*Hale v Woods*, 06-14065

For the reasons stated below, the Court adopts the Report and Recommendation [54], denies Petitioner's petition for habeas corpus, and denies Petitioner a certificate of appealability.

## II. Procedural Background

On July 19, 2002, Petitioner was convicted of second degree murder, and possession of a firearm during the commission of a felony, following a jury trial in the Wayne County Circuit Court. On August 2, 2002, Petitioner was sentenced to a term of 35-60 years imprisonment on the murder conviction, and to a mandatory consecutive term of two years imprisonment on the felony-firearm conviction. Petitioner appealed as of right to the Michigan Court of Appeals. The Court of Appeals found no merit to petitioner's challenge to his conviction, and affirmed the conviction. However, the Court of Appeals concluded that the trial court erred by relying on an improper factor in departing from the sentencing guidelines, and remanded for the trial court to determine if it would impose the same sentence without consideration of that factor. The matter was not appealed to the Michigan Supreme Court.

On remand, the trial court resentenced petitioner to a term of 28-60 years imprisonment on the second-degree murder conviction. Petitioner appealed as of

*Hale v Woods*, 06-14065

right to the Michigan Court of Appeals. The Court of Appeals rejected petitioner's claim, and affirmed his sentence. Petitioner sought leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order.

On September 15, 2006, Petitioner filed an petition for the writ of habeas corpus [1] in this Court. On November 20, 2007, this Court granted Petitioner's Motion to Stay [34]. Petitioner then filed a motion for relief from judgment in the trial court. The trial court denied petitioner's motion for relief from judgment, concluding that the claims were without merit and that petitioner could therefore not establish actual prejudice entitling him to relief. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal in standard orders.

On July 6, 2010, Petitioner filed an amended petition for the writ of habeas corpus [41]. In this petition [41], Petitioner raised as grounds for relief the *Blakely* claim that he raised in his initial petition as well as the six claims raised in his state court motion for relief from judgment. Petitioner also requests an evidentiary hearing.

3

*Hale v Woods*, 06-14065

On March 11, 2011, this Court entered an Order [46] granting Petitioner's Motion to Reopen [44].

The Report and Recommendation [54] now before this Court recommends that the Court deny Petitioner's application for the writ of habeas as to all seven claims raised by Petitioner as well as the request for evidentiary hearing.

### III. Factual Background

The Report and Recommendation [54] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the Report and Recommendation [54] in full.

### IV. Standard of Review

This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636(b)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

The Report and Recommendation [54] contains a detailed recital of the substantive standards for granting habeas relief pursuant to the Antiterrorism and

4

*Hale v Woods*, 06-14065

Effective Death Penalty Act of 1996 (AEDPA), and the Court adopts this standard

as set out in the Report and Recommendation [54] in full.

## V. Analysis

Petitioner Objects [56] to the Magistrate Judge's findings as to each of the

seven claims as well as the denial of the request for evidentiary hearing.

### A. Claim V - Insufficiency of the Evidence

Petitioner first objects, arguing that the Magistrate Judge erred in its

conclusion that:

> [v]iewed in the light most favorable to the prosecution, a rational jury
> could have found beyond a reasonable doubt that petitioner did not act
> in the heat of passion under an adequate provocation, and thus that he
> was guilty of second degree murder. There was evidence presented that,
> after the initial confrontation inside the bar, petitioner retrieved a gun
> and waited for the victim to exit. From this evidence, a rational trier of
> fact could have inferred that petitioner reinitiated the confrontation, and
> thus did not act under adequate provocation because he was the initial
> aggressor.

Petitioner makes two arguments against this conclusion.

First, Petitioner asserts that the Magistrate Judge incorrectly identifies

Petitioner as the initial aggressor in the conflict between Petitioner and victim

Nelson Hardiman. Petitioner argues that once outside the establishment, the two

*Hale v Woods*, 06-14065

men came to a truce, but that Mr. Hardiman then reinitiated the conflict. However, Petitioner does not deny the possibility that he began the conflict inside the establishment, and does not deny that he then exited the establishment, retrieved a firearm, and then stood by the entrance of the establishment in order to wait for Mr. Hardiman to exit. As such, Petitioner's objection does not address the period of time between the initial altercation inside the bar and the altercation that occurred outside the bar. Therefore, Petitioner's first argument does not negate the Magistrate Judge's finding that a rational trier of fact could have found that Petitioner reinitiated the altercation and did not act out of adequate provocation. *See Todd v. Stegal*, 40 Fed. Appx. 25, 29 (6th Cir. 2002)("[u]nder Michigan law, voluntary manslaughter is an intentional killing committed under the influence of passion or hot blood produced by adequate provocation, and before a reasonable time has passed for the blood to cool and reason to resume its habitual control.")(internal quotation marks omitted).

Second, Petitioner asserts that the Report and Recommendation [54] incorrectly exaggerates the amount of time that lapsed between the point at which Hardiman removed himself from his position on the ground on top of Petitioner, to the moment at which Hardiman was again on the ground and Petitioner again shot

6

*Hale v Woods*, 06-14065

at Hardiman. Petitioner argues that this series of actions were "a continuous blur" and that "[e]verything was a quick reflexive motion." Petitioner asserts that this time period does not constitute a reasonable amount of time for passions to cool. Again, however, this argument does not negate the possibility that a rational trier of fact could have found that the time between the altercation inside the bar and the altercation outside the bar was in fact reasonable. *See People v. Mendoza*, 468 Mich. 527, 534, 664 N.W.2d 685, 690 (2003)("Thus, to show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions.").

Therefore, Petitioner's objection here is without merit, and the Magistrate Judge did not err in recommending that this Court deny Petitioner's claim that there was insufficient evidence presented at trial to support the jury's guilty verdict as to the charge of second degree murder.

### B. Claims III & IV - Prosecutorial Misconduct

Petitioner argues that during trial the prosecuting attorney made improper statements, including statements that "improperly expressed her personal belief in Petitioner's guilt by using the term 'murder' throughout trial," inflammatory

7

*Hale v Woods*, 06-14065

statements in reference to Hardiman's death, and statements that improperly

appealed to the jury's civic duty and sense of justice.

Petitioner's Objections [56] focus on the last of these three categories of

statements. These statements include:

> What I want to suggest to you, unfortunately, there isn't a good explanation, but I think you also know from your common sense, and you certainly know from hearing the evidence in this trial, the fact is that there are people, and there are times in this life, and in this society we're living in right now, where people just don't have any regard for human life, and where people just do terrible, terrible things.
>
> * * *
>
> We, unfortunately, we've got something going on in this society, if you watch the news, if you read the newspaper, unless your head's in the sand, you know that there is an epidemic of violence in this country. Unfortunately, especially young African-American men killing other young African-American men about nothing, because that's what this is, in the grand scheme of things.
>
> * * *
>
> You don't create a situation because your male pride is offended, because you get into an argument in a bar. You don't murder somebody over that, and we can't solve that big, overarching problem. That's not--unfortunately, that's not what you can do, but what you can do, and what you have to do, when you consider this case, is this is a part of it.
>
> Every part of that poison that's going on in society, it adds up. It all makes it all go round. This is the part you're responsible for, is this man murdering another man over nothing.

*Hale v Woods*, 06-14065

*People v. Hale*, 2003 Mich. App. LEXIS 3275, at *7-8 (Mich. Ct. App. Dec. 16, 2003).

Petitioner's counsel did not object to these statements at trial. Therefore, relief from the Court of Appeals is "precluded unless any prejudicial effect could not be cured by a cautionary instruction or failure to consider the issue would result in a miscarriage of justice." *People v. Cooper*, 601 N.W.2d 409, 414 (Mich. Ct. App. 1999). Here, the Michigan Court of Appeals found that the above statements made by the prosecutor constituted plain error, and that had they been objected to at trial a corrective jury instruction could have been given by the court. The Court of Appeals also found that even without such an instruction:

> the evidence presented at trial strongly supported defendant's conviction for murder; therefore, the error did not affect the outcome of the trial or result in a miscarriage of justice or the conviction of an innocent defendant. Also, any undue prejudice to defendant's trial was cured by the trial court's instructions to the jury that the questions and statements of the lawyers are not evidence and that the prosecutor must prove each element of the crime beyond a reasonable doubt. These instructions served to cure any undue prejudice the prosecutor's statements may have caused.

*Id.*, at *10-11.

"[A] prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction

*Hale v Woods*, 06-14065

a denial of due process." *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (U.S. 2012)(internal quotation marks and citation omitted).

> It is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power.

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986). In addition, "criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 11 (1985).

Based on this clearly established law, Petitioner fails to show that the prosecutor's comments in the context of the jury instructions, as noted by the Court of Appeals, resulted in the denial of due process. Therefore, Petitioners objection here is unavailing.

*Hale v Woods*, 06-14065

## C. Claim VI - Ineffective Assistance of Trial Counsel

Next, Petitioner argues that his trial counsel's failure to argue the elements of manslaughter instead of second degree murder, and failure to object to the prosecutor's allegedly improper statements, constitute ineffective assistance of counsel.

A petitioner can establish ineffective assistance of counsel by showing that his attorney's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, as the Magistrate Judge noted, to show that Petitioner was prejudiced by counsel's failure to argue the elements on manslaughter, Petitioner must show that the evidence adduced at trial was constitutionally insufficient to sustain his conviction. *See Hurley v. United States*, 10 Fed. Appx. 257, 261 (6th Cir. 2001). As discussed above, *see supra* at 5-7, there was sufficient evidence presented at trial to sustain the jury's guilty verdict as to the charge of second degree murder. Therefore, Petitioner was not prejudiced by trial counsel's actions.

Second, because the prosecutor's comments did not deprive Petitioner of a fair trial, *see supra* at 7-10, trial counsel's failure to object to any of the

11

*Hale v Woods*, 06-14065

prosecutor's improper statements also did not prejudice Petitioner. *See Keller v. Bagley*, 81 Fed. Appx. 527, 531 (6th Cir. 2003).

As such, Petitioner's objections as to his ineffective assistance of trial counsel claim are without merit.

### D. Claim VII - Ineffective Assistance of Appellate Counsel

Petitioner objects to the Magistrate Judge's findings, arguing that appellate counsel's failure to consult with Petitioner and Petitioner's trial counsel prior to filling the direct appeal, constitutes ineffective assistance of counsel. Specifically, Petitioner asserts that had appellate counsel consulted with Petitioner prior to the filling of an appeal, Petitioner would have suggested including the claims as presented within his petition for habeas corpus now before this Court.

However, Petitioner has failed to show that appellate counsel's alleged failure to consult with Petitioner prior to the filing of his direct appeal constitutes Constitutional error requiring relief. Specifically, because Petitioner's claims brought before this Court are without merit, Petitioner has also failed to show that appellate counsel's alleged failure to consult resulted in counsel's failure to bring any nonfrivolous claim, *see Smith v. Robbins*, 528 U.S. 259, 288 (2000), or that the failure resulted in any prejudice to Petitioner, *see Strickland*, 466 U.S. at 687.

12

*Hale v Woods*, 06-14065

E. *Evidentiary Hearing*

Finally, Petitioner objects to the Report and Recommendation [54], arguing that the Magistrate Judge erred in denying Petitioner's request for an evidentiary hearing. Petitioner first requests an evidentiary hearing in his Reply [52], filed on June 27, 2011.

Petitioner's request is based on the October 2008 Michigan State Police Audit of the Detroit Crime Lab, which is the lab that analyzed the ballistic evidence presented at Petitioner's trial. The Audit found that the Lab's results had a ten percent analysis error rate. The Lab was indefinitely closed as a result of the Audit's findings. Also as a result, the Wayne County Prosecutor's Office established time frames within which it would submit evidence from the Lab for retesting. Petitioner's ballistic evidence does not fall within these parameters.

Petitioner first objects to the standard of review presented in the Report and Recommendation [54]. Petitioner argues that because he was "diligent in seeking a state evidentiary hearing," the heightened standard of AEDPA does not apply to his request. *McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004). While Petitioner presents no evidence of this diligence, it is notable that news of the Detroit Crime Lab's error rate was made known well after Petitioner was

13

convicted, as well as after the filing of his first appeal as of right, second appeal as of right, original petition for writ of habeas corpus [1], and motion for relief from judgment before the state court.

A federal court generally may not hold an evidentiary hearing if the petitioner "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). At the same time, new evidence can be the subject of an evidentiary hearing in federal court if the prisoner was not at fault in failing to develop that evidence in state court. *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (per curiam opinion). Moreover, a district court should grant an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).

In this case, while Petitioner claims diligence in seeking a state evidentiary hearing, however this claim is unsupported. Instead, it appears that Petitioner could not have been in possession of the new evidence at the time his case was before the state court. Therefore, Petitioner cannot be at fault in failing to develop this evidence in state court.

However, Petitioner has failed to allege any facts that would establish a constitutional error. Moreover, as the Magistrate Judge found, any possible new

*Hale v Woods*, 06-14065

ballistic evidence would have no effect on the resolution of the claims presented by Petitioner here. Therefore, Petitioner's objection as to the request for evidentiary hearing is also denied.

### F. Certificate of Appealability

Finally, Petitioner objects to the Report and Recommendation [54], arguing that because reasonable jurists could disagree as to the merit of Petitioner's claims, the Court should grant Petitioner a certificate of appealability. However, for the reasons discussed as to each claim above, the Court disagrees and denies Petitioner a certificate of appealability.

### VI. Conclusion

For the reasons stated above, the Court adopts the Report and Recommendation [54], denies Petitioner's petition for habeas corpus, and denies Petitioner a certificate of appealability.

Therefore,

**IT IS ORDERED** that the Report and Recommendation [54] is **ADOPTED**.

15

*Hale v Woods*, 06-14065

**IT IS FURTHER ORDERED** that Petitioner's petition for habeas corpus is

**DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certification of

appealability.

**IT IS FURTHER ORDERED** that this matter is **CLOSED**.

**SO ORDERED**.


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
                              Senior United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon
parties/counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                              S/Catherine A. Pickles
                              Judicial Assistant